UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT TILLEY, | ) | | |
|---|---|---|---|
| | ) | | |
| Petitioner, | ) | Case Nos. | 3:12-CR-91-PLR-HBG |
| | ) | | 3:15-CV-451-PLR |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

The Petitioner, Robert Tilley ("Tilley"), admitted to law enforcement officers that he used his personal residence as a private supermarket for the sale of methamphetamine. Tilley made regular trips to Atlanta, Georgia where he bought multi-ounce quantities of methamphetamine from a supplier, and he re-sold it in East Tennessee. State law enforcement officers obtained a state search warrant for Tilley's residence, conducted a search, and seized six ounces of methamphetamine, a firearm, drug proceeds and other evidence of drug trafficking [Doc. 33, Plea Agreement].[1] In April, 2013, Tilley pleaded guilty to (1) conspiracy to distribute at least 500 grams of methamphetamine, (2) distributing at least 50 grams of methamphetamine, (3) possessing a loaded firearm in furtherance of a drug trafficking crime [Doc. 40].

This Court sentenced Tilley to a guideline range sentence of 200 months imprisonment [Doc. 112]. Tilley did not appeal his conviction or sentence. Tilley did file a Motion under 28 U.S.C. § 2255 to vacate and set aside his conviction and sentence [Doc. 119]. Tilley, who was represented by a succession of court-appointed attorneys,[2] asserts several grounds of alleged

---

[1] All citations to the record are found on the docket of case no. 3:12-CR-91-PLR-HBG.
[2] Tilley's counsel, in order, were Steve McGrath, Phil Lomonaco, Steve McGrath (reinstated by the Court), John Eldridge, and Timothy Gudmundson.

ineffective assistance of counsel. The Government filed a Response [Doc. 135], and Tilley filed a Reply [Doc. 141].

While this § 2255 Motion was pending, Tilley filed a Motion to Reduce Sentence [Doc. 147]. In June, 2017, this Court granted the Motion and reduced Tilley's sentence to 148 months [Doc. 153].

### I.     The § 2255 Motion

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Tilley presents seven claims of ineffective assistance of counsel in his § 2255 motion: (1) that Howard Ellis, Tilley's local attorney in Scott County, Tennessee, gave him bad advice regarding the execution of the search warrant; (2) that counsel failed to investigate possible alibi witnesses; (3) that counsel should have moved to suppress the firearm, (4) that counsel should have objected to a certain document with a typographical error; (5) that counsel should have filed other motions; (6) that counsel should have not have let Tilley plead guilty to the firearm offense; and (7) that counsel erred at sentencing.

It is the opinion of this Court that none of these claims warrant relief.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

The Court finds that the Petitioner has the burden to establish that he is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas*

*v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

### A. Attorney Howard Ellis and the Search of Tilley's Residence

Tilley claims that Howard Ellis, his lawyer in Scott County, Tennessee, was ineffective in May 2012 for "allowing" Tilley to consent to the search of Tilley's residence, for not being present during the search, and for not informing Petitioner that local and federal law enforcement agents were involved. Tilley, however, has not established that he was constitutionally entitled to the assistance of counsel to help him decide whether to consent to the search of the residence. Nor has Tilley identified any deficiency in the advice he allegedly received from Attorney Ellis. Moreover, when pleading guilty, Tilley stipulated that, even though the law enforcement officers had a search warrant, he gave them consent to the search of his residence [Doc. 33, Plea Agreement at ¶ 4(c)]. Therefore, given the search warrant, the search would have occurred with or without Tilley's consent. Tilley was not prejudiced and his claim is without merit.

### B. Counsel was not ineffective for failing to investigate alibi witnesses

Tilley claims that counsel should have investigated Reeda Lloyd, Kristy Marlar, and Lisa Stephens as possible alibi witnesses [Doc. 124, Memorandum at 9, 17, 19]. The Court, however, agrees with the government that Tilley has not identified any exculpatory evidence that counsel could have discovered, nor any other useful information that would have resulted from such investigation. Therefore, there is no substance for this Court to review, and accordingly this claim is without merit. *See United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review ineffectiveness or how it might have altered the outcome of the case).

### C. Counsel was not ineffective for not moving to suppress the firearm

Tilley claims that the inventory sheet, which lists items seized during the search of his residence, was later altered to suggest that a firearm was in plain view, and that counsel should have objected on that basis. Tilley's claim, however, is premised on a mistaken belief that law enforcement officers executing a search warrant could only seize items in plain view. It is well-settled that "a warrant that authorizes an officer to search a home for [certain items] also provides authority to open closets, chests, drawers, and containers in which [such items] might be found." *United States v. Ross*, 456 U.S. 798, 821 (1982); *accord United States v. Lengen*, 245 F. App'z 426, 434 (6th Cir. 2007) ("judicial authorization to search a home for contraband drugs, money associated with drug trafficking, and drug paraphernalia would clearly justify the opening of doors, closets, drawers, safes, and other places where the listed items could be hidden."). "[F]ailure to bring a meritless suppression motion cannot constitute ineffective assistance." *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (quoting *United States v. Tisdale*, 195 F.3d 70, 73-74 (2d Cir. 1999)). This claim is without merit.

### D. Counsel was not ineffective for not objecting to a typographical error

Tilley identifies an apparent typographical error in a DEA report dated May 4, 2012 which described the events of "5/23/2012" in the past tense. The government, however, points out that Tiulley's arrest and the search of his residence both occurred on May 3, 2012. Therefore this date of "5/23/12" actually refers to 5/3/2012. Fed. R. Crim. P. 52(a), provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." The typographical error identified by Tilley did not affect his substantial rights. This claim is without merit.

### E. Counsel was not ineffective for not filing various other motions

The Petition claims that counsel should have filed various motions to include "indictment insufficiency motions to dismiss, motions objecting to [unspecified] violations by Prosecution," and motions objecting to alleged discovery violations. The Court finds no merit to Petitioner's hodgepodge of complaints about unfiled motions, none of which have any basis in law or fact. The Court finds that the Petitioner has simply take an assortment of totally unfounded claims and thrown them against the proverbial wall, hoping something will just stick. They are without merit.

### F. Counsel was not ineffective for advising or allowing Petitioner to plead guilty to the firearms offenses

Tilley complains that his counsel was "plainly incorrect" about the relevant law and therefore mistakenly advised Tilley to plead guilty to possessing a firearm as a felon. The government points out, however, that Tilley has not identified any actual error in counsel's advice as to that count. And moreover, the undisputed facts, as stipulated by Tilley during his plea colloquy, established his guilt of that offense. The Court agrees, and therefore his counsel was not ineffective for advising Tilley to plead guilty to felon in possession of a firearm. Rather, the transcript of Tilley's plea colloquy demonstrates that he understood the proceedings and pleaded guilty to that specific offense because he was, in fact, guilty [Doc. 68, Plea Tr.]. Tilley specifically admitted that he possessed a loaded firearm "in furtherance of his drug trafficking" [Doc. 68, Plea Tr. at 34-35]. The Court then inquired whether petitioner "had the gun easily accessible in case things went awry in any of [his] drug trafficking," and Petitioner agreed [*Id.* at 35-36]. "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### G. Counsel was not ineffective at sentencing

Tilley accuses counsel of failing to "assist [him] in obtaining documentation to disprove [allegedly] false information" in the presentence report, e.g., "§ 851 or prior conviction information, residence, etc." The government, however, argues that Tilley has not identified the alleged inaccuracies, without which he cannot possibly show that counsel rendered deficient performance. The Court agrees. The record shows that counsel filed objections regarding Petitioner's § 851 predicate [Doc. 101]. This claim is without merit.

## II. Conclusion

The Court finds that because the claims presented in the Motion [Doc. 119] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a Judgment will enter **DENYING** the Motion [Doc. 119].

**IT IS SO ORDERED**.

ENTER:

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**